ACCEPTED
01-15-00112-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/10/2015 12:01:26 PM
CHRISTOPHER PRINI
CLERK

## NO. 01-15-00112-CV

In the First Court of Appeals
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/10/2015 12:01:26 PM
CHRISTOPHER A. PRINE
Clerk

## IN RE: MOTHER DOE AND FATHER DOE, INDIVIDUALLY AND AS NEXT FRIENDS OF JOHN DOE AND JANE DOE

Original Proceeding from Cause No. 1045092 in
County Court at Law No. Two (2), Harris County, Texas,
Honorable Theresa Chang, Presiding Judge

## PETITIONER'S REPLY TO REAL PARTY IN INTEREST'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

**The Cweren Law Firm**

Brian P. Cweren
State Bar No. 24001956
3311 Richmond Avenue, Suite 305
Houston, Texas 77098
(713) 622-2111 telephone
(713) 622-2119 facsimile
bcweren@cwerenlaw.com

**Counsel for Mother Doe and Father Doe, Individually and as Next Friends of John Doe and Jane Doe,
Relators**

**ORAL ARGUMENT REQUESTED**

## IDENTITIES OF PARTIES AND COUNSEL

**1.   Relators:**

Mother Doe, Father Doe, John Doe, and Jane Doe.

**2.   Counsel for Relators in Trial Court and Appeal**

Brian P. Cweren
The Cweren Law Firm
3311 Richmond Avenue, Suite 305
Houston, Texas 77098
(713) 622-2111 - telephone
(713) 622-2119 - facsimile

**3.   Respondent:**

Honorable Theresa Chang
County Civil Court at Law No. Two (2), Harris County, Texas
201 Caroline Street, Suite 740
Houston, Texas 77002

**4.   Real Parties in Interest:**

Beth Yeshurun Day School

**Counsel for Real Parties In Interest:**

Barbara L. Hachenburg
Germer PLLC
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 - telephone
(713) 739-7420 - facsimile

Michael P. Doyle
Doyle Raizner
2402 Dunlavy Street
Houston, Texas 77006

i

# TABLE OF CONTENTS

Identities of Parties and Counsel ........................................................................... i

Table of Contents ............................................................................................ ii

Index of Authorities ....................................................................................... iii

Record References ............................................................................................. 1

Summary of Reply ............................................................................................. 3

Reply ........................................................................................................... 4

I.  BYDS PRESENTED NO EVIDENCE TO JUSTIFY THE IMPOSITION OF THE PROTECTIVE ORDER AT ISSUE ................... 4

II.  THE ORDER ENCUMBERS RELATORS' ABILITY TO PROSECUTE THEIR SUIT EFFECTIVELY, TO THE EXTENT THAT RELATORS' SUBSTANTIVE AND PROCEDURAL RIGHTS WILL BE IMPAIRED OR LOST ............................................... 5

   A.  The Order at Issue is a "Gag Order" that was Entered Over the Objection of Plaintiffs Without Sufficient Evidence to Support it .......... 5

   B.  As Interpreted by Respondent, the Order Allows an Overly Broad Definition of "Confidential" that Substantially Impairs Relators' Ability to Prosecute this Suit ............................................................ 5

III.  REPLY TO BYDS' FACTUAL ASSERTIONS ............................................. 7

Prayer ......................................................................................................... 11

Certificate of Compliance .......................................................................... 11

Certification ............................................................................................. 12

Certificate of Service ............................................................................... 13

Supplemental Appendix ..........................................Separate Document

# INDEX OF AUTHORITIES

## CASES

**In re: Eurecat US, Inc.,** 425 S.W.3d 577, 582-83 (Tex. App.—Houston [14th Dist.] 2014) (orig. proceeding)..............................................................4

## STATUTES & RULES

TEX. R. CIV. P. 193.4(a) ......................................................................4

NO. 01-15-00112-CV

IN THE COURT OF APPEALS
FIRST DISTRICT
HOUSTON, TEXAS

## IN RE: MOTHER DOE AND FATHER DOE, INDIVIDUALLY AND AS NEXT FRIENDS OF JOHN DOE AND JANE DOE

Original Proceeding from Cause No. 1045092 in
County Court at Law No. Two (2), Harris County, Texas,
Honorable Theresa Chang, Presiding Judge

## PETITIONER'S REPLY TO REAL PARTY IN INTEREST'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

## RECORD REFERENCES

With their Petition for Writ of Mandamus filed herein, Relators filed sworn copies of the Reporter's Record of the hearings on September 15, 2014 and September 24, 2015 .

**"RR1, at p. _____"** refers to the page number of the record of the first hearing on September 15, 2014, the purpose of which was to argue the contents in the Joint Protective Order entered by Respondent on December 16, 2014.

**"RR2, at p. _____"** refers to the page number of the record of the second hearing on September 24, 2014, the purpose of which was to argue the contents in the Joint Protective Order entered by Respondent on December 16, 2014.

- 1 -

**"TAB 12 through TAB 14"** refers to the Supplemental Appendix attached to this Reply and filed herewith.

**"TAB 1 through TAB 11"** refers to the Appendix filed contemporaneously with the Petition for Writ of Mandamus.

The numerical cites for the Supplemental Appendix in this brief are a continuance of the previous Appendix, to avoid confusion.

## SUMMARY OF REPLY

The Real Party in Interest, Beth Yeshurun Day School ("BYDS") presented no evidence to justify imposition of the Joint Protective Order ("Protective Order" or "Order") at issue in this original proceeding. Therefore, it was an abuse of discretion for Respondent to have entered the Protective Order.

Furthermore, the expansive provisions of the Joint Protective Order inhibit Relators' ability to prosecute this case, to the extent that Relators would have no adequate remedy by appeal. Therefore, mandamus is an appropriate and necessary remedy.

# REPLY

## I. BYDS PRESENTED NO EVIDENCE TO JUSTIFY THE IMPOSITION OF THE PROTECTIVE ORDER AT ISSUE.

As a trial court judge, Respondent is allowed broad discretion in granting a protective order; however, such discretion is not unfettered. *See* **In re: Eurecat US, Inc.**, 425 S.W.3d 577, 582 (Tex. App.—Houston [14th Dist.] 2014) (orig. proceeding). To warrant entry of a protective order, the party resisting discovery (or requesting the protection) must present facts and competent evidence showing a particular, specific, and demonstrable injury. **Id.** Mere conclusory allegations of potential harm are insufficient; the presentation of at least *some evidence* is required to support the request for protective relief. **Id.** (*emphasis added*). "If th[e] evidentiary burden is not satisfied and the requested discovery falls within the scope of discovery permitted by the rules of civil procedure, then the trial court abuses its discretion by entering the protective order." **Id.**, at p. 583.

The type of evidence contemplated with regard to requests or motions for protective orders is governed by **Tex. R. Civ. P. 193.4(a).** Rule 193.4(a) requires the party requesting the discovery restrictions to present evidence to support its claims. "Evidence" may be presented via testimony or affidavits, and must be served at least seven (7) days prior to a hearing on these issues. *See* **Id.**

Throughout three (3) hearings and several documents filed, the Real Parties in Interest failed to present any competent evidence in compliance with **Tex. R.**

**Civ. P. 193.4(a)** to support imposition of the Order. Therefore, Respondent abused her discretion in entering said Order.

## II. THE ORDER ENCUMBERS RELATORS' ABILITY TO PROSECUTE THEIR SUIT EFFECTIVELY, TO THE EXTENT THAT RELATORS' SUBSTANTIVE AND PROCEDURAL RIGHTS WILL BE IMPAIRED OR LOST.

### A. The Order at Issue is a "Gag Order" that was Entered Over the Objection of Plaintiffs Without Sufficient Evidence to Support it.

Contrary to BYDS' assertions in its responsive brief, the Order is intended to, and does, include a provision that prohibits the parties from communicating with the media—any media, on any issue, related to the underlying suit. **RR2, at p. 62.** *See* **TAB 3, at p.5**. As previously explained to this Honorable Court, BYDS presented no evidence to justify the entry of this portion of the Order, and Relators objected to its entry. **RR1, at p. 5; RR2, at p. 75-76.** *See* **TAB 5, at p. 10.**

### B. As Interpreted by Respondent, the Order Allows an Overly Broad Definition of "Confidential" that Substantially Impairs Relators' Ability to Prosecute this Suit.

BYDS' claims that it has not yet identified any documents as "confidential" are untrue. BYDS identified numerous documents and categories of documents that it considers to be "confidential" in its objections and responses to Relators' discovery requests. *See e.g.* **TAB 12, at (g); TAB 13, at Response No. 6, 8, 11, 12, and 15; TAB 14, at Response No. 2, 3, 4, 5, 6, 7, 18, 28, 30, 31, 32, 35, 37,**

- 5 -

**and 43.** These responses indicate that BYDS claims the following documents would be "confidential" pursuant to the Order:

- curriculum vitae or resumes;

- pamphlets or other advertising regarding BYDS;

- insurance policies covering this suit;

- documents relied upon in making the decision to expel the children, which forms the basis of the underlying action;

- BYDS' anti-bullying protocol;

- faculty handbooks;

- parent and/or student handbooks; and

- licenses and certifications held by BYDS.

**Id.**

Respondent has ratified BYDS' overly-broad interpretation of what information should be considered "confidential" herein, up to and including insurance policies. **RR1, at pp. 6-7; 18; 31-35. RR2, at pp. 22-23; 27-29; 36-40; 44-50.** Moreover, in order to disseminate any of these items or categories of items, Relators are required to notify BYDS, file a motion, and obtain a ruling from Respondent. **Id.** In essence, prior to using these and other documents identified by BYDS as "confidential" with, for example, a non-party witness in a deposition or trial setting, Relators would be required to notify BYDS of specifically which

-6-

document or documents it intended to use, file a motion with Respondent, and set the matter for hearing. Such an onerous procedure not only increases the time and effort required by Relators' counsel, but also allows BYDS significant insight into Relators' intended deposition and/or trial strategy, a substantial benefit to BYDS and a substantial prejudice to Relators.[1]

Although the Order contains two separate types of "confidentiality," the requirement to obtain Respondent's permission to disclose any "confidential" documents, or information obtained therefrom, with a non-party or opponent-party witness requires notice, a motion, and a hearing. **Id.** Thus, Relators' ability to proceed with their suit is hindered regardless of which type of "confidentiality" designation is utilized by BYDS.

For these reasons, mandamus is necessary to prevent a loss or impairment of important substantive and procedural rights of the Relators.

## III. REPLY TO BYDS' INACCURATE FACTUAL ASSERTIONS.

Throughout its Response to Relators' Petition for Mandamus, BYDS attempts to shift the focus of this proceeding from the validity of the Respondent's Order or the necessity for the extraordinarily broad scope of protection it affords to the alleged actions of Counsel for Relators. Presentation of the alleged actions of

---

[1] It is noteworthy that no depositions have yet occurred in the underlying suit. Notices have been served upon both parties and non-parties involved with or employed by BYDS. In response to every notice and/or subpoena, Counsel for BYDS has filed a Motion to Quash the deposition in question. Requiring yet another hearing for each deposition would add *another* layer of delay in the discovery proceedings in the underlying suit—again, to the benefit of BYDS.

Relators' counsel does not justify imposition of a cumbersome, one-sided Protective Order.

Much of BYDS' responsive brief refers to alleged Facebook postings and statements of Counsel for Relators, which have no bearing on the issues in this mandamus proceeding. Rather than supplying evidence of the alleged harm disclosure of certain documents would cause BYDS to suffer (for example, permitting documents designated as "Confidential" being disclosed to appropriate law enforcement agencies) BYDS attempts to present selected opinions tendered by Relators' Counsel out of context, urging this Court to leap to the conclusion that Relators have no valid basis for obtaining otherwise discoverable information simply because Counsel for Relators has exercised his right to defend his reputation and opine regarding his synagogue, bullying, and other issues. BYDS' specious assertion throughout its Responsive Brief that Realtor's Counsel has attempted to "try this matter to the media" is nothing more than a red herring; Relators' Counsel was fully justified in any statements made as a Beth Yeshurun member, donor and community leader. At no time has Counsel for Relators disclosed any documents identifying the minor children or invading other established privacy interests. The same cannot be said for the Defendants in this

matter.[2] *See* **RR2, at pp. 6-7.** Relators contend that Respondent's deferential treatment of BYDS in this matter serves to embolden BYDS and to encourage further discovery abuses and other delay tactics that have frustrated Relators' ability to effectively investigate the issues of the case-in-chief and to obtain otherwise discoverable evidence in support of their claims and causes of action against BYDS.

BYDS seeks to sidetrack this Court with arguments and inflammatory references to postings on social media, all the while ignoring black-letter law regarding the standard which much be met to warrant entry of a broad Protective Order that places the burden to permit disclosure on the party seeking discovery of materials rather than on the party seeking to limit such disclosure.

In addition, BYDS states that Relators somehow have "unclean hands" because Relators' Counsel has sought to have Confidential Information regarding the children be protected in the past. However, Relators have never taken the position that a Protective Order would be wholly inappropriate in all instances, or that BYDS is not entitled to protect certain sensitive information from being publicly disclosed. Rather, Relators contended, both before the lower Court and

---

[2] There have been numerous instances of public (and private) attacks on Relators, the Children, and even Relators' Counsel by BYDS and their attorneys and representatives in this case, including, on information and belief, the disclosure of personal, confidential information about Relators and the Children to third parties, both known and unknown. Such actions, while deplorable, are not germane to the issues of Relators' writ of mandamus before this Court, and as such Relators decline to address them with any particularity herein.

before this Court, that the language of the Protective Order offers unfettered discretion to BYDS to extend the shroud of confidentiality to *any* documents simply by labeling them "Confidential" and that the Protective Order places the burden on Relators to demonstrate that a purportedly "confidential" document should not be protected rather than placing the burden properly on BYDS to prove that a document is sensitive and *should* be marked "Confidential".

BYDS further takes exception with the fact that Counsel for the Relators argued *in the alternative* that a provision be included in the Order that would deem records regarding the minor children "confidential." Regularly, when attorneys realize that a Court will likely not grant the best relief for their clients, said attorneys will argue, in the alternative, for some other relief that, while not ideal, is better for their clients than what is being requested by the opposing party. This situation occurs regularly in courtrooms across the State of Texas, if not the United States. The argument that advocating in this way is somehow "unclean" is disingenuous.

Relators would simply like to remind this Honorable Court that the underlying suit, and this mandamus action, pertain to the rights and reputations of two minor children—not to Relator's attorney and what he may or may not say or do.

## PRAYER

For these reasons, Relators ask that the Court grant this writ of mandamus directing Respondent to vacate her order of December 16, 2014, and to allow Relators to properly investigate and prosecute the underlying suit herein. Relators further request this Court to require Respondent to facilitate fair and reasonable discovery on the part of all parties herein.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document (upon exclusion of those contents exempted by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure) contains 1,765 words.

_____
Brian P. Cweren

- 11 -

## CERTIFICATION

I certify that I have reviewed the petition for writ of mandamus and have concluded that every factual statement made in the petition is supported by competent evidence included in the appendix or the record.

_____
Brian P Cweren

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties -which are listed below- on the **10th** day of March, 2015 as follows:

Barbara L. Hachenburg
Germer PLLC
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002

By (check all that apply)

- G personal delivery
- G mail
- G commercial delivery service
- X fax *(713) 739-7420*

Hon. Theresa Chang
County Civil Court at Law Number Two (2)
201 Caroline Street, Suite 740
Houston, Texas 77002

By (check all that apply)

- X personal delivery
- G mail
- G commercial delivery service
- G fax

_____
Brian P Cweren

- 13 -